**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TERRANCE PUGH,

        Petitioner,               Case Number: 2:11-CV-10904

v.                                   HONORABLE PAUL D. BORMAN
                                     UNITED STATES DISTRICT JUDGE

PAUL KLEE,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS
CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

    Petitioner Terrance Pugh has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is incarcerated at the Carson City Correctional Facility in Carson City, Michigan, challenges his convictions for delivery of less than 50 grams of cocaine, felon in possession of a firearm, and felony firearm. He seeks relief on the grounds that he received ineffective assistance of counsel, and that his sentencing guidelines were incorrectly calculated. For the reasons set forth below, the Court denies the petition.

**I. Background**

    Petitioner was charged in Genesee County Circuit Court with open murder, felon in possession, carrying a concealed weapon, and felony firearm. On November 19, 2007, Petitioner pleaded guilty pursuant to a plea agreement to delivery of cocaine, less than fifty grams, felon in possession of a firearm, and felony firearm. Pursuant to the plea

agreement, the prosecutor dismissed the open murder and carrying a concealed weapon charges. On December 17, 2007, he was sentenced as a second-habitual offender to 83 months to 30 years' in prison for the drug conviction, 47 months to 7-1/2 years' in prison for the felon-in-possession conviction, to be served concurrently with one another and consecutively to two years' in prison for the felony-firearm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising these claims:

I.   The trial court erred in the scoring of offense variable 1.

II.  The trial court erred in the scoring of offense variable 2.

The Michigan Court of Appeals denied leave to appeal. *People v. Pugh*, No. 295526 (Mich. Ct. App. Jan. 27, 2010).

Petitioner filed an application for leave to appeal in the Supreme Court, raising the same claims raised in the Michigan Court of Appeals and a claim of ineffective assistance of counsel.

Petitioner then filed the pending habeas petition. The claims are not clearly delineated in the petition, but the Court understands the petition to be raising the same three claims raised in the Michigan Supreme Court.

## II. Standard

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application

3

must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of

4

lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Discussion

#### A. Sentencing Claims

In his first two habeas claims, Petitioner challenges the scoring of offense variables 1 and 2. It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the

state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same). Therefore, habeas corpus relief is not available for this claim.

To the extent that Petitioner also claims that his sentence was improperly based upon facts not admitted by him or determined by the jury, this claim is meritless. In *Blakely v. Washington*, 543 U.S. 296, (2004), the Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301, (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). *Blakely* involved a trial court's departure from Washington State's determinate sentencing structure. In contrast, Michigan has an indeterminate sentencing system for most crimes, including those for which Petitioner is imprisoned. The maximum term of imprisonment is set by law. *People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (2006). Indeterminate sentencing schemes do not violate the Sixth Amendment by invading the province of the jury, so long as the defendant is sentenced within the statutory maximum. *Blakely*, 542 U.S. at 304–05, 308–09. In this case, the sentencing court did not exceed the statutory maximums for Petitioner's crimes, and, therefore, the Petitioner's sentences did not violate the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in

Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010); *see also Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009).

### B.  Ineffective Assistance of Counsel Claim

Petitioner next claims that counsel provided ineffective assistance by incorrectly advising him regarding the consequences of his plea.  Respondent correctly argues that this claim is unexhausted because it was presented for the first time on discretionary review to the Michigan Supreme Court.  *See Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006) (holding that an issue is not fairly presented when it is raised for the first time to the Michigan Supreme Court, and that court declines to exercise its right to discretionary review).  The Court nevertheless addresses the merits of this claim because the Court may deny an unexhausted claim on the merits where the unexhausted claim is plainly meritless, not cognizable on federal habeas review, or doing so is in the best interests of the parties and judicial economy.  *Granberry v. Greer*, 481 U.S. 129, 131 (1987).

The right to effective assistance of counsel applies during the plea process. *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972).  "[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel."  *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1486 (2010). The United States Supreme Court has set forth a two-part test for evaluating the claim of

a habeas petitioner who is challenging a guilty or no contest plea on the ground that she was denied the effective assistance of counsel. First, the Petitioner must establish that "'counsel's representation fell below an objective standard of reasonableness.'" *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington,* 466 U.S. 668, 688 (1984)). Second, the Petitioner must demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

The Supreme Court has recently held that trial counsel's erroneous advice regarding the consequences of a guilty plea may render the representation constitutionally defective. *See Padilla*, 559 U.S. at 368-69, 130 S. Ct. at 1483-84 (holding that failure to advise of deportation consequences of guilty plea resulted in constitutionally defective representation). There is an affirmative duty on the part of defense counsel to communicate formal plea offers from the prosecution where the terms and conditions may be favorable to the accused. *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 1408 (2012). Ineffective assistance may also occur where deficient advice by counsel results in rejection of the plea offer when the defendant otherwise would have pled guilty. *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376, 1384 (2012).

The Sixth Circuit has also provided guidance for interpreting this standard in the specific context of trial counsel's advice about the consequences of a plea. Defense

counsel may be deemed ineffective for misadvising a defendant about the sentencing consequences of a plea offer. *See Smith v. United States*, 348 F.3d 545, 553-54 (6th Cir. 2003). However, a trial court's proper plea colloquy ordinarily cures any misunderstandings that a defendant may have about the consequences of a plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Furthermore, in cases challenging the voluntariness of a plea agreement, a petitioner is bound by any in-court statements made regarding the petitioner's understanding of the plea. *See Ramos*, 170 F.3d at 564. "If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless. . . . '[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'" *Id*. at 566 (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

    Petitioner alleges that his counsel erroneously advised him that his sentence would not exceed 19 to 30 months in prison. During the plea hearing, Petitioner clearly stated that he understood that he faced up to 30 years in prison. He was advised that the plea agreement did not include a sentence agreement. He stated he understood the plea agreement and that no promises outside those stated on the record had been made to him. Petitioner is bound by this in-court statement. *See Ramos,* 170 F.3d at 564. Therefore, his contention that counsel was deficient in advising him regarding the sentence he would receive fails based on this admission.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 3, 2013.

                                                      s/Deborah Tofil
                                                      Case Manager